## S06U0797. FORMAL ADVISORY OPINION 05-4.
(642 SE2d 686)

PER CURIAM.

We granted a petition for discretionary review brought by the State Bar of Georgia asking the Court to adopt an opinion of the Formal Advisory Opinion Board ("board"). At issue is Formal Advisory Opinion ("FAO") 05-4, which is a redrafted version of FAO 91-3. Although both FAO 91-3 and FAO 05-4 address the ethical propriety of a lawyer paying nonlawyer employees a monthly bonus from the gross proceeds of the lawyer's firm, the board reached contrary conclusions in these opinions based on ethical rules in place at the time. For the reasons which follow, we agree with the board that under current Georgia Rule of Professional Conduct 5.4, the payment of a monthly bonus by a lawyer to nonlawyer employees based on the gross receipts of his or her law office in addition to the nonlawyer employees' regular monthly salary is permissible; and that it is ethically proper to compensate nonlawyer employees pursuant to a plan that is based in whole or in part on a profit-sharing arrangement.

In 1990 this Court issued FAO 91-3 addressing the same issue under former Standard 26 of Bar Rule 4-102 (and identical Directory Rule 3-102), which, in pertinent part, prohibited a lawyer from sharing fees with a nonlawyer except that "a lawyer or law firm may include nonlawyer employees in a retirement plan, even though the plan is based in whole or in part on a profit-sharing agreement." Former Standard 26 (c). In 2000 the Court issued the Georgia Rules of Professional Conduct, effective January 1, 2001, to replace the former Standards of Conduct. Rule of Professional Conduct 5.4 supercedes Standard 26 (c) and enlarges the circumstances under which a lawyer or law firm may share legal fees with a nonlawyer.[1] In pertinent part, Rule 5.4 (a) (3) provides:

> (a) A lawyer or law firm shall not share legal fees with a nonlawyer, except that: . . .
> (3) a lawyer or law firm may include nonlawyer employees in a compensation or retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.

The board reviewed FAO 91-3 to determine what impact, if any, application of the Rules of Professional Conduct would have on the opinion and concluded that the substance and conclusions reached in

---

[1] Rule 5.4 is now analogous to its counterpart in the American Bar Association Code of Professional Responsibility. ABA DR 3-102 (A) (3).

FAO 91-3 are no longer in compliance with current ethical consider-ations. As a result, the board drafted FAO 05-4. That opinion was published in the April and October 2005 issues of the *Georgia Bar Journal*; no comments were received in response to the publications, see Rule of Professional Conduct 4-403 (c); and the State Bar sought and was granted discretionary review by this Court. Rule of Professional Conduct 4-403 (d).

The distinction between Rule 5.4 (a) (3) and Standard 26 (c) is that the former permits a nonlawyer employee to participate in both a *compensation and retirement* plan, whereas the latter permitted nonlawyer compensation only in the context of a *retirement* plan. We agree with the board that the support for FAO 91-3 has changed due to the adoption of the Rules of Professional Conduct and that FAO 91-3 no longer provides an accurate interpretation of the applicable rules of ethics. In contrast, FAO 05-4 is consistent with current Rule of Professional Conduct 5.4 (a) (3) in that it allows compensation to a nonlawyer employee in the form of a monthly bonus paid from the gross receipts of the law firm under the rule that a nonlawyer employee may participate in a compensation plan, even though based in whole or in part on a profit-sharing arrangement. Accordingly, we adopt proposed FAO 05-4 and retract FAO 91-3.[2]

*Formal Advisory Opinion 05-4 approved. All the Justices concur.*

DECIDED MARCH 19, 2007.

*William P. Smith III, General Counsel State Bar*, for State Bar of Georgia.

---

[2] By our approval of FAO 05-4, it becomes "binding on all members of the State Bar [of Georgia]." Rules of Professional Conduct 4-403 (e).